BOLGER, Justice, dissenting.
The court's opinion reverses this judgment based on Lydia Johnson's appellate argument that Donald Van Blaricom's testimony could not have been anticipated prior to trial. But Lydia did not make this argument to the superior court when she offered Officer Witte's rebuttal testimony, and the superior court did not rule on this argument at that time.
Lydia offered two reasons when she asked to call Witte as a rebuttal witness. First, she asked to call him "simply based on his experience and training, his evaluation of the video for example, to testify in accordance with his observations which he did during the grand jury testimony in this particular instance." Second, she was "offering his testimony regarding the issue with the sidewalk and whose responsibility it was to clear the sidewalk, or you know, basically be responsible for where the bar ended and where the sidewalk and the public sidewalk began."
Lydia did not mention Van Blaricom at all when she made this request. And she did not provide the judge with sufficient information to determine whether she had been surprised by Van Blaricom's testimony. In particular, there was no showing that Lydia ever provided the judge with a copy of Van Blaricom's report.
To preserve an issue for appeal, a party must raise the issue in the trial court and specify the grounds for doing so.[1] In particular, a party who offers evidence based on one theory of admissibility may not argue a "substantially different" theory on appeal.[2] "This preservation rule serves 'important judicial policies: ensuring that there is "a ruling by the trial court that may be reviewed on appeal, ... afford[ing] the trial court the opportunity to correct an alleged error," and creating a sufficient factual record so "that appellate courts do not decide issues of law in a factual vacuum." ' "[3]
I agree that Lydia had previously objected that Van Blaricom's testimony was outside the scope of his report. In my opinion, however, *1103 Lydia was required to explicitly state her arguments for admission of Witte's rebuttal testimony. At that time, if she had raised the argument that Van Blaricom's testimony could not reasonably have been anticipated, then she could have made an offer of proof to support her argument.[4] Then the defendants could have responded to her argument, and the superior court could have ruled on it. Lydia is not entitled to a new trial because she did not bring this issue to the superior court's attention.

Ivy v. Calais Co. , 397 P.3d 267, 276 (Alaska 2017).

Jones v. Bowie Indus., Inc ., 282 P.3d 316, 339 (Alaska 2012).

Ivy , 397 P.3d at 276 (quoting Johnson v. State , 328 P.3d 77, 82 (Alaska 2014) (omission in original) (alteration in original) ).

Alaska R. Evid. 103(a)(2).